IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**ROBERT E. WHITE,**

       Plaintiff,

v.                                                    Civil Action No. 5:13-CV-52
                                                   (BAILEY)

**JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, successor to
CHASE HOME FINANCE LLC, successor to
CHASE MANHATTAN MORTGAGE
CORPORATION, successor to
ADVANTA NATIONAL BANK,**

       Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

On this day, the above-styled civil action came before this Court upon consideration of the Plaintiff's Motion to Remand [Doc. 6], filed May 6, 2013. Defendant filed its Response [Doc. 7] on May 20, 2013. Plaintiff filed his Reply on May 29, 2013 [Doc. 8]. The motion has been fully briefed and is now ripe for decision. Having reviewed the record and considered the arguments of the parties, this Court concludes that the Plaintiff's Motion to Remand [Doc. 6] should be **GRANTED**.

## BACKGROUND

I. **Factual and Procedural History**

On April 17, 2013, the defendant removed this action from the Circuit Court of Ohio County, West Virginia on the basis of federal diversity pursuant to 28 U.S.C. § 1332(a)

1

[Doc. 1]. There is no dispute that the parties are diverse. Rather, the plaintiff contends that removal is improper because the defendant cannot meet its burden of proof regarding the $75,000 jurisdictional threshold for the plaintiff's claims.

The Complaint seeks monetary damages, restitution, and statutory relief from the defendant arising from its alleged predatory lending and abusive debt collection practices. [Doc. 1-1 at ¶ 1]. Plaintiff alleges that in 1997, the defendant's predecessor, Advanta, solicited him to obtain a mortgage loan in the amount of $22,950.00. (Id. at ¶ 10). The loan had a 9.5% fixed rate Note with a thirty (30) year tem and was secured by a standard real estate Deed of Trust in favor of Advanta. (Id.). Plaintiff alleges he had no claim of ownership to the property described in the Deed of Trust, thereby making the mortgage invalid. (Id. at ¶ 11). As of August 2008, defendant Chase acquired interest in the loan, making it the current holder of the loan. (Id. at ¶ 18). At some unspecified time, the plaintiff could no longer maintain paying the mortgage. (Id. at ¶ 19). Accordingly, in an attempt to collect on the debt, plaintiff alleges the defendant regularly threatened the plaintiff with foreclosure and/or eviction proceedings, falsely reported the underlying loan as a delinquent real estate mortgage to one or more credit reporting agency, and continued to contact the plaintiff subsequent to filing for bankruptcy and despite actual knowledge that he was represented by counsel. (Id. at ¶¶ 20-23).

As a result of the above allegations, the plaintiff brings four counts in his Complaint: Unconscionable Inducement pursuant to West Virginia Code § 46A-2-121(1)(a) (Count I); Unconscionable Contract Terms pursuant to W. Va. Code § 46A-2-121(1)(b) (Count II); Fraud/Intentional Misrepresentation (Count III); and Unfair Debt Collection in violation of W. Va. Code §§ 46A-2-127, 46A-2-124, 46A-2-128(e), and 46A-2-124 and/or 127(d) (Count

IV).  As a result, the plaintiff seeks recovery of actual damages, restitution of loan payments, statutory penalties, and attorney's fees.  (Id. at ¶¶ 30, 37, 44, 51 and 52).

In support of its Notice of Removal, the defendant simply states that "[b]ased upon the plaintiff's Complaint, the amount in controversy in this case could exceed the sum of $75,000.00, exclusive of interest and costs." [Doc. 1 at ¶ 13].

## DISCUSSION

**1.    Amount in Controversy for Diversity Jurisdiction**

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction.  This requirement can be based upon diversity jurisdiction or federal question jurisdiction.  28 U.S.C. § 1441.  A federal district court has diversity jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  As previously stated, this is the basis for the defendant's Notice of Removal.

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" **Maryland Stadium Auth. v. Ellerbe Becket Inc.**, 407 F.3d 255, 260 (4th Cir. 2005) (citing **Mulcahey v. Columbia Organic Chems. Co.**, 29 F.3d 148, 151 (4th Cir. 1994)).  Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941).  If federal jurisdiction is doubtful, a remand to state court is required.  **Maryland Stadium**, 407 F.3d at 260.  On the other hand, if this Court has jurisdiction, it is required to exercise it.  **Gum v. Gen. Elec. Co.**, 5 F.Supp.2d 412, 415 (S.D. W.Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the

jurisdiction given them.'").

In a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claims exceed the jurisdictional amount. ***Landmark Corp. v. Apogee Coal Co.***, 945 F.Supp. 932, 935 (S.D. W.Va. 1996). Often, this burden is settled without argument because a plaintiff's good-faith claim for specific monetary damages in the complaint binds the defendant. ***St. Paul Mercury Indem. Co. v. Red Cab Co.***, 303 U.S. 283, 288 (1938); *see also* ***Horton v. Liberty Mut. Ins. Co.***, 367 U.S. 348, 353 (1961) (stating that general federal rule is that complaint determines the amount in controversy and, consequently, federal jurisdiction). However, when the complaint's *ad damnum* clause does not specifically state the amount in controversy – such as in this case – several courts require the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. ***Tapscott v. MS Dealer Serv. Corp.***, 77 F.3d 1353, 1357 (11th Cir. 1996); ***De Aguilar v. Boeing Co.***, 11 F.3d 55, 58 (5th Cir. 1993); ***Gafford v. Gen. Elec. Co.***, 997 F.2d 150, 158 (6th Cir. 1993); ***Sanchez v. Monumental Life Ins. Co.***, 102 F.3d 398, 403-04 (9th Cir. 1996); ***Lohan v. Am. Express* Co.**, 2009 WL 2567853 (S.D. W.Va. Aug. 19, 2009); ***Allman v. Chancellor Health Partners, Inc.***, 2009 WL 514086 (N.D. W.Va. Mar. 2, 2009).

In order to meet the preponderance of the evidence standard and to establish jurisdiction upon removal, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. ***Landmark Corp.***, 945 F.Supp. at 935 (citing ***Tapscott***, 77 F.3d at 1357). To satisfy this burden, a defendant must offer

4

more than a bare allegation that the amount in controversy exceeds $75,000.  See **Gaus v. Miles, Inc.**, 980 F.2d 564, 567 (9th Cir. 1992).  Instead, a defendant seeking removal must "supply evidence to support his claim regarding the amount at issue in the case." **Sayre v. Potts**, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999).  Finally, in resolving the amount in controversy issue, a court "is not required to leave its common sense behind."  **Mullins v. Harry's Mobile Homes, Inc.**, 861 F.Supp. 22, 24 (S.D. W.Va. 1994)(Faber, J.).

In this case, the defendants point to the plaintiff's Complaint, in which he seeks statutory penalties; actual, compensatory, and punitive damages; restitution of all loan payments; and attorney fees.

### A.  Statutory Penalties

Pursuant to West Virginia Code § 46A-5-101, if a creditor has violated the provisions of this Chapter, statutory penalties may be awarded in an amount to be determined by the Court in an amount "not less than one hundred dollars nor more than one thousand dollars."  The statute further provides the Court with the discretion to adjust these amounts for inflation.  Id.

The Complaint does not specify how many violations occurred.  The defendant, however, reading the Complaint in the most liberal fashion speculates that a minimum of eight violations occurred.  Further, the defendant argues for the maximum statutory penalty per violation, which is discretionary, along with an adjustment for inflation, which is also discretionary.  While the defendant's calculation of damages in its brief in opposition [Doc. 7] is "creative and certainly an example of zealous advocacy, this Court finds the calculations to be too speculative for purposes of meeting [its] burden of proof as to the

amount in controversy." ***Tober v. Dell Financial Servs., LP***, Civil Action 5:05-CV-187 (N.D. W.Va. April 26, 2006)(Stamp, J.).[1]

    B.    <u>Actual and Compensatory Damages</u>

In addition, the amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." ***Id***. (citing ***Landmark Corp.***, 945 F.Supp. at 636-37). To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. ***Weddington v. Ford Motor Credit Co.***, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see also* ***Mullins v. Harry's Mobile Homes***, 861 F.Supp.22, 24 (S.D. W.Va. 1994) (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file"). In conducting this analysis, the court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

***Watterson v. GMRI, Inc.***, 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997) (internal citations omitted).

---

[1] Of course, if discovery reveals that the plaintiff is alleging a number of statutory violations significantly in excess of eight (8), such may be a basis for removal at that time.

In his Complaint, the plaintiff seeks "restitution of loan payments." [Doc. 1-1 at ¶ 30]. While not specified in the Complaint, the defendant asserts that "[p]ayments on plaintiff's loan, if current through the date of this filing, total $35,508.32." [Doc. 7 at 8]. Therefore, the defendant argues that this figure should be used toward the amount in controversy. While the defendant provides no evidence that the plaintiff has actually made payments in this amount, based upon the amortization of the loan and interest rate, this Court finds the amount to be a fair approximation.

C. <u>Attorney Fees</u>

When attorney fees are provided by for by statute, the court may consider an award as part of the amount in controversy. ***Jos. A. Bank Clothiers, Inc.***, 2005 WL 1378721, at *7. Pursuant to W. Va. Code § 46A-5-104, "[i]n any claim brought under this chapter . . . the court *may* award . . . reasonable attorney fees . . .." (Emphasis added). In this case, plaintiff's counsel has requested attorney fees. However, while courts have included attorney's fees where they are mandatory, *see e.g.* ***Foret v. Southern Farm Bureau Life Ins. Co.***, 918 F.2d 534, 537 (5th Cir. 1990), *discretionary* fees and costs are not necessarily included. *See* ***Cradle v. Monumental Life Ins. Co.***, 354 F.Supp.2d 632, 636 (E.D. Va. 2005). Such is the nature of such fees under § 46-5-104. "Thus, attorney's fees are certainly not mandated by the act and are appropriate only where there has been 'egregious conduct.' *See* ***Chevy Chase Bank v. McCamant***, 512 S.E.2d 217, 227 (W. Va. 1998)(no abuse of discretion in not awarding fees where behavior not egregious)." ***Tober v. Dell Financial Servs., LP***, Civil Action 5:05-CV-187 (N.D. W. Va. April 26, 2006)(Stamp, J.). Like in ***Tober***, the defendant in this case has provided no evidence that costs or fees

7

will be awarded and has certainly not conceded that its own conduct was "egregious." Accordingly, this Court is of the opinion that costs and fees remain speculative and should not be considered for purposes of determining the requisite amount in controversy.

### D.  Punitive Damages

The plaintiff states in his reply brief that he has not requested punitive damages [Doc. 8 at 6]. This Court notes, however, that in Footnote 1 of the Complaint [Doc. 1-1], the plaintiff does state that he seeks punitive damages. Nevertheless, this Court finds that any potential punitive damages, without more, does not give rise to federal jurisdiction. *See* **Landmark Corp. v. Apogee Coal Co.**, 945 F.Supp. 932, 938 (S.D. W.Va. 1996). In this case, not only does the plaintiff deny any claim to punitive damages, the defendant has likewise failed to demonstrate that punitive damages are probable and has failed to provide a supportable estimate of how large such damages would be if assessed, if punitive damages were awarded. Accordingly, this Court is of the opinion that the same are too speculative and should not be considered for purposes of determining the requisite amount in controversy.

## CONCLUSION

Upon consideration of the above, this Court finds the defendants have failed to meet their burden of demonstrating the jurisdictional amount in controversy. **Maryland Stadium**, 407 F.3d at 260. Finding federal jurisdiction doubtful, this Court finds remand to state court is required. *Id*. Accordingly, based on the foregoing, this Court is of the opinion that the Plaintiffs' Motion to Remand **[Doc. 6]** should be, and hereby is, **GRANTED**. Accordingly, this matter is hereby **REMANDED** to the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to transmit the same to the Clerk of the Circuit Court of Ohio County, West Virginia.

**DATED:** June 20, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE